**ORIGINAL**

# In the United States Court of Federal Claims

No. 18-562C
(Filed: May 16, 2018)
NOT FOR PUBLICATION

**FILED**
MAY 1 6 2018
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ANTHONY M. AUGUSTA, | ) ) ) |
| *Pro Se* Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

Rule 12(h)(3); Lack of Jurisdiction;
Denial of Veterans Benefits.

## ORDER OF DISMISSAL

### I. Introduction

The plaintiff, Mr. Anthony M. Augusta, alleges in his complaint that the Department of Veterans Affairs ("VA") wrongfully denied his service-related disability claims on multiple occasions. Compl. ¶ 1, Docket No. 1. He asserts that these denials violated his due process rights under the Fifth Amendment and violated Title I, Sec. 103 of the Veterans' Judicial Review Act (38 U.S.C. §§ 5107–5109, Pub. L. 100-687,[1] 102 Stat. 4105) and the Veterans Claims Assistance Act (38 U.S.C. § 5103(a)). *Id.*

The plaintiff asserts that the VA "has continually violated numerous laws regarding the [VA] claims process." Compl. ¶ 6 (emphasis removed from original) (brackets in original). As far as this court is aware, the plaintiff filed a service-related disability claim with the VA on August 2, 2006. Compl. ¶ 6. The plaintiff maintains that because the VA illegally denied his claims, he has had to file multiple times. Compl. ¶ 6. The plaintiff asserts that the New York Regional Office of the VA denied the plaintiff's second claim in 2008, deeming it an 1151 tort claim[2] over which it did not have

---

[1] Plaintiff mistakenly refers to Public Law 100-867. He also mistakenly refers to it as the Veteran Judicial Review Act. He also cites 38 U.S.C. § 5103A as opposed to 38 U.S.C § 5103(a) for the Veterans Claims Assistance Act. *See* Compl. ¶ 1.

[2] Under 38 U.S.C. § 1151, veterans may receive compensation for disabilities or death suffered at VA hospitals caused by medical treatment provided by the VA, subject to offset for any damages awarded under the Federal Tort Claims Act.

7017 1450 0000 1346 4964

jurisdiction. Compl. ¶ 6. The plaintiff alleges that the New York Regional Office "never worked on [his] disability claim" but "[i]nstead waited one year and sent a denial to a[n] 1151 claim that did not exist." Compl. ¶ 6. The plaintiff notes that this occurred in the same year that the New York Regional Office "was caught falsifying dates on claims, in order to make the claims appear as if they were being processed in a timely manner" and that 1,300 pieces of improperly unprocessed mail were discovered, including mail in support of veterans' claims that should have been added into the veterans' claim files. Compl. ¶ 6. The plaintiff filed a third claim in 2009, which he asserts remains in the appeals process. Compl. ¶ 6.

As a remedy, the plaintiff is seeking $1 million or, alternatively, a 100 percent disability award. Compl. ¶ 7. Plaintiff also seeks an injunction and any other remedy the court deems appropriate. Compl. ¶ 7.

## II. Standard of Review

Jurisdiction represents a threshold matter that a court must resolve before it may proceed to the merits of a case. *See, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Frazier v. United States*, 683 F. App'x 938, 939 (Fed. Cir. 2017). Under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). The Court of Federal Claims may consider the issue of subject matter jurisdiction *sua sponte*. *See Brady v. United States*, 541 F. App'x 991, 993 (Fed. Cir. 2013). The court accepts as true the uncontested allegations asserted in a plaintiff's complaint when determining whether there exists subject matter jurisdiction. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("In deciding whether there is subject-matter jurisdiction, 'the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" (quoting *Shearin v. United States,* 992 F.2d 1195, 1195–96 (Fed. Cir. 1993))). Although the court holds a complaint filed by a *pro se* plaintiff to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this leniency does not excuse a *pro se* plaintiff "from his or her burden of proving, by a preponderance of the evidence, that the court possesses [subject matter] jurisdiction." *Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011). *See also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.")

## III. Jurisdiction

The Tucker Act grants the Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself, however,

2

"does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, "in order to come within the jurisdictional reach and the waiver of the Tucker Act," a plaintiff must also pinpoint a pertinent money-mandating federal statute, regulation, contract, or Constitutional provision "that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

## IV. Plaintiff Fails to Allege Any Claim Within This Court's Jurisdiction

This court does not possess subject matter jurisdiction to adjudicate the plaintiff's claims regarding the denial of his veterans' disability benefits.

The VA administers veterans' disability benefits. 38 U.S.C. § 1710. A veteran must first file a veterans' disability benefit application with the Secretary of the VA, and the relevant VA regional office makes a decision as to whether the veteran is entitled to disability benefits. 38 U.S.C. § 5101(a), 38 U.S.C. § 511. Additionally, first the Secretary and then the Board of Veterans' Appeals review appeals from such decisions. 38 U.S.C. § 7104(a).

The Veterans' Judicial Review Act vests the Court of Appeals for Veterans Claims with "exclusive jurisdiction" regarding decisions of the Board of Veterans' Appeals. 38 U.S.C. § 7252(a). *See also Sullivan v. United States*, 46 Fed. Cl. 480, 487 (2000) ("to the extent the plaintiffs are complaining that their desired 100 percent rating was not awarded per Mr. Sullivan's previous claims and appeals to the VA, this court [the Court of Federal Claims] is without jurisdiction to review those benefit-entitlement determinations by the VA, which is solely vested in the United States Court of Veterans Appeals[.]"). Appeals from the Court of Appeals for Veterans Claims fall within the exclusive jurisdiction of the Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7292(a), (c).

Therefore, the plaintiff's claims regarding the denial of his veterans' disability benefits do not fall within the subject matter jurisdiction of the Court of Federal Claims. *See Janaskie v. United States*, 77 Fed. Cl. 654, 657–58 (2007) ("Because the controlling statutes specify the fora where Plaintiff may seek redress for the denial of his veterans' disability benefits and this Court is not among them, this Court lacks jurisdiction over Plaintiff's claims for veterans' disability benefits."); *Davis v. United States*, 36 Fed. Cl. 556, 559 (1996) ("this court does not have jurisdiction to review the denial of veterans' benefits.").

Additionally, to the extent that the plaintiff's complaint alleges violations of his due process rights, the Court of Federal Claims "cannot adjudicate plaintiff's due process claims because they are based upon the VA's actions regarding his disability benefits." *Davis v. United States*, 36 Fed. Cl. 556, 559 (1996). The plaintiff's "exclusive remedy lies in the Court of Veterans Appeals." *Id.* Furthermore, it is well established that the Court of Federal Claims does not possess jurisdiction to adjudicate claims under the Due

3

Process clauses of the Fifth and Fourteenth Amendments because these constitutional provisions are not money-mandating. *See Harvey v. United States*, 683 F. App'x 942, 943 (Fed. Cir. 2017) ("The [Court of Federal Claims'] limited jurisdiction does not extend to claims brought under . . . the Due Process clauses of the Fifth and Fourteenth Amendments, because they do not contain money-mandating provisions."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."). The plaintiff's allegations that the repeated denial of his veterans' disability benefits violated his due process rights does not give rise to a cause of action for monetary damages against the United States as required to establish this court's jurisdiction under the Tucker Act. For these reasons, the court find that it lacks subject matter jurisdiction to adjudicate the plaintiff's claims.

## V. Conclusion

Because this court lacks jurisdiction to hear this case, the case must be **DISMISSED**. The clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

/NANCY B. FIRESTONE
Senior Judge